UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 1468** SG7914

---

JENNIFER RODRIGUEZ,

        Plaintiff,

        -against-

THE CITY OF NEW YORK, and Police
Officer ENMANUEL ROSARIO, Police
Officer's "JOHN DOE" #1-4 (the name
"John Doe" being fictitious, as the true
names are presently unknown), both
individually and as members of the New
York City Police Department.

        Defendants.

---

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, Jennifer Rodriguez, by her attorney, STANISLAO A. GERMÁN,

complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants

THE CITY OF NEW YORK and Police Officer ENMANUEL ROSARIO and Police

Officer's "JOHN DOE" #1-4 of the New York City Police Department's Manhattan

North Impact Response Team , all acting under color of state law and pursuant to their

authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and

the Constitutions of the State of New York and the United States.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.  Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

6.  At all times relevant hereto, Plaintiff was and is a resident of New York County in the State of New York, in the Southern District of New York, of Latino heritage.

7.  At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8.  Defendants, Police Officer ENMANUEL ROSARIO and Police Officer's "JOHN DOE" #1-4 of the New York City Police Department's Manhattan North Impact

Response Team are and were at all times relevant to this action, police officers employed

by the New York City Police Department (hereinafter, "NYPD"), and acting under color

of state law.  They are being sued in both their individual and official capacity.

9.  At all times relevant hereto and in all their actions described herein, the Defendants

were acting under color of the statutes, ordinances, regulations, policies, customs and

usages of the NYPD and NYC, pursuant to their authority as employees, servants and

agents of the NYPD within the scope of employment and incidental to their otherwise

lawful duties and functions as employees, servants, agents and police officers.

10.  NYC was responsible for the hiring, training, supervision, discipline, retention and

promotion of the police officers, sergeants, and/or employees of the NYPD.


## FACTS

11. On November 29th, 2009, , Jennifer Rodriguez, eighteen years-old, was talking to a

friend at approximately 10:15 p.m., in the vicinity of her residential building located at

556 West 180th Street in New York County.

12. At this time, several police officers approached her and other individuals.

13. Officers ordered her against the wall and proceeded to pat her down.

14. When Ms. Rodriguez inquired of the officers what she had done, she was told that

"she knew what she had done."

15. Ms. Rodriguez continued to inquire and she was told to "shut up."

16. Ms. Rodriguez recognized some of the police officers from a prior case where she

was falsely arrested.

17. One of the officers then walked over to the grille of a motor vehicle and stated that

"this now belongs to you," and arrested Ms. Rodriguez.

3

18. Ms. Rodriguez was then handcuffed and transported to the 34th precinct.

19. At the precinct, Ms. Rodriguez was searched by a female officer and held in a cell for several hours before being given a desk appearance ticket.

20. Ms. Rodriguez, a college student at the time, was arrested in front of her lifelong residence and before numerous friends and neighbors.

21. After several hours at the 34th precinct, Ms. Rodriguez was released and ordered to return to the New York City Criminal Court on March 8th, 2010.

22. When Ms. Rodriguez appeared for her arraignment on the false charges, the case was dismissed on the motion of the New York County District Attorney's Office.

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

25. All of the aforementioned acts deprived Plaintiff, Jennifer Rodriguez, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

5

33. As a result of Defendants' aforementioned conduct, Plaintiff, Jennifer Rodriguez, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and subjected to handcuffing, and other physical restraints, without probable cause.

35. As a result of her false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

38. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

39. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

41. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

42. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

43. The criminal proceedings were terminated in Plaintiff's favor on or about March 8th, 2010, when the New York County District Attorney's Officer made a motion before the New York City Criminal Court to dismiss the charges.

**FIFTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY**

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. Defendant Police Officer ENMANUEL ROSARIO and Police Officer's "JOHN DOE" #1-4 (said names being fictitious, as the true names are unknown), arrested Jennifer Rodriguez despite a complete lack of evidence against her, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

48. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

49. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

50. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Jennifer Rodriguez.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

54. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

8

55. All of the foregoing acts by Defendants deprived Plaintiff Jennifer Rodriguez of

federally protected rights, including, but not limited to, the right:

    a.  Not to be deprived of liberty without due process of law;

    b.  To be free from seizure and arrest not based upon probable cause;

    c.  To be free from unlawful imprisonment;

    d.  To be free from unwarranted and malicious criminal prosecution;

    e.  To be free from intentional assault and infliction of emotional distress;

    f.  Not to have cruel and unusual punishment imposed upon her; and

    g.  To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief,

jointly and severally, against the Defendants:

1.  Special and compensatory damages in the amount of TWO HUNDRED AND

FIFTY THOUSAND ($250,000.00) DOLLARS.

2.  Punitive damages in the amount of TWO HUNDRED AND FIFTY

THOUSAND ($250,000.00) DOLLARS.

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
             March 5th, 2013

                              Respectfully Submitted,

                              Stanislao a. Germán (SG 7914)
                              Attorney for Plaintiff
                              299 Broadway, Suite 200
                              New York, New York 10007
                              (212) 986-6776
                              stan@myersgaliardo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JENNIFER RODRIGUEZ,

Plaintiff

-against-

THE CITY OF NEW YORK, and
Police Officer Emmanuel Rosario, and
Police Officers "JOHN DOE" #1-4,
(the name "John Doe" being fictitious as the
true names are presently unknown), both
individually and as members of the New York
Police Department.

Defendant.

_____

COMPLAINT AND DEMAND FOR JURY TRIAL

_____

Law Office of Stanislao A. Germán
Stanislao A. Germán, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986 -6776